1 Raymond Franks
2 California State Prison, Solano
3 P.O. Box 4000, Bldg 12, Cell 234
4 Vacaville, CA. 95696
5 CDC No. V-08354

Original FILED
MAR 19 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

SBA (PR)

In The United States District Court for the Northern District of California

Raymond Franks,
           Petitioner,
v.
D.K. Sisto, Warden,
           Respondent

No. CV 08 1525

Motion To Stay and Hold In Abeyance Petition for A Writ of Habeas Corpus

To: The Honorable Judge for the United States District Court for the Northern District of California:

Petitioner, on his own behalf, moves the Court for an order staying and holding in abeyance the accompanying Petition for writ of habeas corpus pending the exhaustion thereof, through the California State Courts. This motion is made pursuant to 28 U.S.C.A. Section 2254(b)(1) and is based on the attached declaration of Raymond Franks, Petitioner in the above-entitled action.

_Raymond Franks_
Raymond Franks

| | | |
|---|---|---|
| In The State of California | ) | Declaration of Raymond Franks In |
| | ) ss. | Support of Motion To Stay and Hold |
| County of Solano | ) | In Abeyance Petition for Writ of habeas |
| | ) | Corpus |

I, Raymond Franks, under the Penalty of Perjury declare:

1. On September 4, 2003, Petitioner, in Alameda County Superior Court in Case No. 145147 was convicted of one count of committing continuous sexual abuse on a child under the age of 14 (Pen. Code § 288.5 subd.(a)), two counts of committing lewd and lascivious acts on a child under the age of 14 (Pen. Code § 288 subd. (c)(1)), and one count of committing a lewd and lascivious act on Ashlee O, a child under the age of 14 (Pen. Code § 288 subd. (a)).

2. Petitioner admitted having suffered four prior convictions and being on Probation at the time he committed the charged offenses. The trial court sentenced Petitioner to a total of 18 years in state Prison consisting of the upper term of 16 years on count one, to be served consecutively to a two-year midterm sentence on count four.

3. Petitioner filed a timely notice of appeal from the Judgment in the California Court of Appeal for the First Appellate District.

4. On February 18, 2005, the California Court of Appeal affirmed the conviction and Judgment. (See Accompanying Petition for Writ of habeas Corpus (hereafter, "Petition") at Exhibit D, attached thereto.)

5. On April 27, 2005, the California Supreme Court denied Petition for review. (See "Petition," at Exhibit E, attached thereto.)

6. On June 29, 2006, Petitioner filed a Petition for writ of habeas Corpus in the California Supreme Court. (See "Petition," at Exhibit G, attached thereto.)

7. On February 7, 2007, the California Supreme Court denied Petition for writ of habeas Corpus without comment. (See "Petition," at Exhibit F, attached thereto.)

8. On January 22, 2008, Petitioner filed a second Petition for writ of habeas Corpus in Alameda County Superior Court. And the Alameda County Superior Court denied that habeas Corpus Petition on January 28, 2008. (See "Petition," at Exhibit H, attached thereto.)

9. With this in mind, Petitioner admits that 90 days after April 27, 2005, i.e., July 27, 2005, the Antiterrorism and Effective Death Penalty Act (hereafter, AEDPA) one-year statute of limitations began to run. Hence, when Petitioner filed his first state habeas Corpus on June 29, 2006, the AEDPA's statute of limitations was tolled, until the California Supreme Court denied that Petition on February 7, 2007, with a remainder of 27 days' worth of the AEDPA limitations left. This establishes that the current Petition for writ of habeas Corpus, accompanying this motion, is untimely filed.

10. The accompanying Petition for writ of habeas Corpus Presents

3

the following assignments of error:

a) Petitioner was denied his sixth amendment right of confrontation because of the presence of a support person during both complaining witness' testimony absent any particularized showing of need for this procedure in this case.

b) The Court erred in admitting Officer Souza's testimony regarding reporting dynamics among child witnesses absent sufficient showing of his expert qualifications in this area, denying Petitioner due process of law and a fair trial.

c) The Court erred prejudicially in defining the offense of residental child molestation under Penal code section 288.5 as a general intent crime denying Petitioner due process of law, a fair trial, and his right to a jury determination on all issues.

d) The trial Court erred prejudicially in failing to give CALJIC No. 17.10 regarding the lesser battery offense, denying Petitioner due process of law and a fair trial.

e) The Court erred in instructing the jury with CALJIC NO. 2.21.2 because the instruction permitted evaluation of the pivotal prosecution testimony by a probability standard, denying Petitioner due process of law.

//
//

4

f.) The cumulative effect of the errors discussed above deprived Petitioner of due Process of law and a fair trial and requires reversal of the judgment, or at a minimum, Petitioner's conviction under count one.

g.) The upper determinate term was imposed in violation of the sixth and fourteenth amendments guarantees of trial by Jury, as recently interpreted by the Supreme Court in <u>Blakely v. Washington</u>.

h.) Trial Counsel was ineffective by his failure to enlist the testimony of a Psychiatrist

i) Appellate Counsel was ineffective by his failure to raise a meritorious and/or arguable issue on appeal [1]

Clearly the aforementioned claims are not frivolous, and when Proven to be true, the claims will entitled Petitioner to habeas Corpus relief.

Wherefore, Petitioner respectfully Prays: that after the Court considers the facts set forth herein, it file, stay, and hold in abeyance the accompanying Petition for writ of habeas Corpus

Alternatively, Petitioner Prays, should the Court find that the

---

[1] Issues "h" and "i" are currently Pending in the California Court of Appeal in habeas Corpus Proceedings

apparent Procedural Problem of untimeliness should be addressed before the accompanying Petition for writ of habeas Corpus is held in abeyance or before the court reaches the merits of the claims raised in the Petition, that the court order respondent to either (1) move to dismiss the Petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that such a motion to dismiss is unwarranted in this case pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

Dated: MARCH 10, 2008

Respectfully submitted,

*Raymond Franks* (signature)

Raymond Franks
In Pro Se

6

## DECLARATION AND PROOF OF SERVICE BY MAIL

I, RAYMOND FRANKS, declare under the penalty of perjury that I am over the age of 18 years, ( ) and not a party, or (X) am a party to this action, and reside in Solano County, at P.O. Box 4000, (Cell #234) Vacaville, California, 95696-4000.

That on MARCH __, __, 2008, I deposited in the United States Mail at California State Prison - Solano, Vacaville, California a copy of the attached hereof:

Motion to stay and hold in Abeyance Petition for a writ of Habeas Corpus

in a sealed envelope with postage fully prepaid, and addressed to:

office of the Attorney General
455 Golden Gate Avenue.
San Francisco, CA. 94102

I declare under the penalty of perjury that the foregoing is true and correct. This declaration was executed on this MARCH, 10, 2008, at CSP-Solano, Vacaville, California, 95696-4000.

Raymond Franks
DECLARANT