UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND FRANKS,

    Petitioner,

 v.

MARTIN FRINK, Warden,

    Respondent.

No. C 08-1525 MEJ (PR)

**ORDER TO SHOW CAUSE**

On March 19, 2008, Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to stay and hold the petition in abeyance. On June 12, 2008, the Court granted Petitioner's motion to stay. On April 30, 2014, after learning that Petitioner had completed exhausting his state court remedies, the Court ordered Petitioner to file an amended petition, incorporating the newly-exhausted claims that he wished to raise in federal court. On June 18, 2014, Petitioner filed his amended complaint.[1] For the reasons that follow, the court orders respondent to show cause why the amended petition should not be granted.

## BACKGROUND

Petitioner challenges his convictions of continuous sexual abuse of a child and lewd acts upon a minor, resulting in a term of 18 years in state prison, imposed by the Alameda County Superior Court.

## DISCUSSION

**A.**    **Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

---

[1] Martin Frink, Warden of North Fork Correctional Facility, the institution where Petitioner is presently incarcerated, is substituted in as the proper Respondent. *See* Fed. R. Civ. P. 25(d).

custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.   Petitioner's Claims**

Petitioner claims that: (1) he was denied his Sixth Amendment right to confrontation; (2) the trial court erred in admitting Officer Souza's testimony absent a sufficient showing of his expert qualifications; (3) the trial court erred in defining the offense of residential child molestation as a general intent crime rather than a specific intent crime, thus lowering the burden of proof; (4) the trial court erred by instructing the jury with CALJIC No. 17.10; (5) the trial court erred by instructing the jury with CALJIC No. 2.21.2; (6) the cumulative effect of the errors prejudiced Petitioner; (7) the imposition of the upper determinate term of Petitioner's sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004); (8) appellate counsel rendered ineffective assistance; and (9) trial counsel rendered ineffective assistance. Liberally construed, these claims are cognizable for federal habeas review. The Court orders Respondent to show cause why the amended petition should not be granted as to the above issues.

**CONCLUSION**

1.   The Clerk shall serve by mail a copy of this order and the amended petition and all attachments thereto (docket no. 19), as well as a magistrate judge jurisdiction consent form upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2.   Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions

2

1  of the underlying state criminal record that have been transcribed previously and that are
2  relevant to a determination of the issues presented by the petition.  At that time, Respondent
3  shall also return the magistrate judge jurisdiction consent form.  If Petitioner wishes to
4  respond to the answer, he shall do so by filing a traverse with the Court and serving it on
5  Respondent within **thirty days** of the date the answer is filed.

6   3. Respondent may file a motion to dismiss on procedural grounds in lieu of an
7  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
8  Section 2254 Cases within **sixty days** of the date this order is filed.  If Respondent files such
9  a motion, Petitioner shall file with the Court and serve on Respondent an opposition or
10 statement of non-opposition within **twenty-eight days** of the date the motion is filed, and
11 Respondent **shall** file with the Court and serve on Petitioner a reply within **fourteen days** of
12 the date any opposition is filed.

13  4. It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
14 that all communications with the Court must be served on Respondent by mailing a true copy
15 of the document to Respondent's counsel.  Petitioner must keep the Court and all parties
16 informed of any change of address by filing a separate paper captioned "Notice of Change of
17 Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may
18 result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
19 Procedure 41(b).

20  IT IS SO ORDERED.
21 DATED: September 22, 2014
22
23  Maria-Elena James
    United States Magistrate Judge